UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY FLETCHER,                    :

    Plaintiff,                       :

V.                                   :    CASE NO. 3:10-CV-558(RNC)

CITY OF NEW HAVEN DEPARTMENT         :
OF POLICE SERVICE, et al.,           :

    Defendants.                      :

RULING AND ORDER

Plaintiff, a New Haven police officer, brings this
employment discrimination case against the City of New Haven, the
New Haven Police Department, four supervisors and his union, New
Haven Police Local 530.  The complaint contains approximately a
dozen different claims under federal and state law.  Defendants
have filed a motion directed to the claims alleging a violation
of the Fourth Amendment, a violation of substantive due process,
breach of contract, negligent supervision, negligent hiring,
conspiracy under 42 U.S.C. § 1985, and failure to prevent a
conspiracy under 42 U.S.C. § 1986.  The defendants move to
dismiss these claims or, alternatively, for a more definite
statement of the basis for them.  For reasons summarized below,
the motion to dismiss is granted in part and denied in part, and
the motion for a more definite statement is denied.

I.  Facts

The complaint alleges the following.  Plaintiff is an
African American male.  He has been employed by the New Haven

Police Department for thirteen years.  In July 2007, his
longstanding request to be assigned to the Mounted Patrol
Division was finally granted.  Unlike other officers in the
Division, he was required to buy his own horse.  He also
received less training and equipment than other officers in the
Division.  In addition, from the time he began with the Division,
he was subjected to disparate treatment by the Division's stable
manager, Laura Shultze.  He complained about this to his
supervisor, Joseph Witkowski.  No action was taken.

In late July 2008, plaintiff noticed that his horse was
injured.  When he asked Shultze about the horse, she responded
with an angry outburst.  Plaintiff reported the incident to
Witkowski and another supervisory officer, Robert Lanza.  They
responded by disciplining the plaintiff instead of Shultze.
Plaintiff complained about this to Louis Cavalier, a supervisory
officer and president of the union.  No investigation was
conducted.

Plaintiff met with Lanza and defendant Frank Lombardi, a
supervisory officer who was plaintiff's union representative.
Lanza told the plaintiff that he could return to duty as a
mounted officer if he would "be a good boy."  Plaintiff
complained about Lanza's comment.  Lombardi replied that Lanza
was joking.  Plaintiff reported the incident to the Internal
Affairs and Ethics Unit.  Lanza prevented an investigation from

being conducted.  Plaintiff next complained to the Personnel and Human Resources Department of the City of New Haven.  Again no investigation was done.

Plaintiff subsequently complained directly to Emmet Hibson, the Director of Human Resources for the City.  Hibson falsely told the plaintiff that he, Hibson, had conducted an investigation of the incident between the plaintiff and Schultze.  In fact, nothing was done to address the plaintiff's complaints.

After plaintiff's complaints were received, he was subjected to drug testing without reasonable grounds.  In addition, his horse was required to undergo an evaluation for suitability for patrol work.  Plaintiff complained to the Chief of Police and Assistant Chief.  They took no action.

Plaintiff's horse was evaluated by an officer of the Hartford Police Department and found to be unsuitable for patrol work.  Though the evaluation occurred in Hartford, Witkowski told the plaintiff it had been done in Rhode Island.  When Rhode Island evaluators later looked at the horse, it was found to be suitable for patrol work with training.

Plaintiff brought his complaints of discrimination and retaliation to the attention of the union, but representation was not provided to him.  In response to the plaintiff's written request for representation, Cavalier, the union president, advised the plaintiff "to go to the stable and pull his duty

3

weapon on [Schultze] and get arrested." Cavalier also called the plaintiff a "racist."

II. Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is plausible when sufficient facts are pleaded for a court to draw a "reasonable inference" that the defendant is liable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A. Fourth Amendment

The motion to dismiss the Fourth Amendment claim is denied. Plaintiff alleges he was subjected to drug testing in the absence of reasonable suspicion to justify the testing. Subjecting an employee to urinalysis is a search under the Fourth Amendment requiring adequate justification. Coppinger v. Metro-North Commuter R.R., 861 F.2d 33, 35-36 (2d Cir. 1988). Such a search may be deemed unreasonable depending on the circumstances. See id. at 36; see also Russo v. City of Hartford, 341 F. Supp. 2d 85, 100 (D. Conn. 2004)(requiring reasonable suspicion for drug testing in a "safety sensitive job"). Plaintiff alleges there was no justification for subjecting him to a drug test and the test was motivated by discrimination and retaliation. The plausibility of this claim is supported by the allegations

regarding the circumstances in which the testing occurred.

B.  Breach of Contract

The motion to dismiss the breach of contract claim is also denied.  This claim is properly treated as a claim against the union under §301 of the Labor Management Relations Act for breach of the duty of fair representation.  Campbell v. Kane, Kellser, P.C., 144 Fed. App'x 127, 130 (2d Cir. 2005).  The allegations in the complaint are sufficient to state a plausible claim for breach of this duty.  The claim is not barred by plaintiff's failure to seek administrative relief pursuant to the collective bargaining agreement because exhaustion of administrative remedies is not required.  Id. at 130-31.

C.  Substantive Due Process

The motion to dismiss the substantive due process claim is granted.  Such a claim is not available when, as here, the plaintiff alleges violations of specific constitutional provisions.  See Tenenbaum v. Williams 193 F.3d 581, 599-600 (2d Cir. 1999).

D.  Negligent Infliction of Emotional Distress

The motion to dismiss the negligent infliction of emotional distress claim is granted.  Under Connecticut law, such a claim is unavailable in the employment context unless it arises from the defendant's wrongful conduct in connection with terminating the plaintiff's employment.  Perodeau v. City of Hartford 792

A.2d 752, 772 (Conn. 2002). The complaint affirmatively alleges that plaintiff is still employed.

E. Negligent Hiring and Supervision

The motion to dismiss plaintiff's claims for negligent hiring and supervision is granted. Under Connecticut law, a claim for negligent hiring is available when a defendant breaches a duty to exercise due care in hiring an employee and the defendant's negligence leads to the harm allegedly suffered by the plaintiff. See Favale v. Roman Catholic Diocese of Bridgeport, 233 F.R.D. 243, 246 (D. Conn. 2005). In this case, the complaint contains no allegations regarding the identity of the person who was negligently hired or the identity of the person who made the hiring decision. No facts are alleged to show that the employee whose hiring is at issue was unfit or incompetent for his or her position. No facts are alleged to show that the person who made the hiring decision was negligent. No facts are alleged to show when or in what manner the unidentified employee whose hiring is at issue caused harm to the plaintiff. And no facts are alleged to show a causal link between the harm suffered by the plaintiff and a hiring decision by any defendant.

A claim for negligent supervision is available against a defendant whose breach of a duty to supervise an employee results in harm to the plaintiff. See id. In the negligent supervision

context, a defendant is not liable unless he knew or should have known of an employee's propensity to engage in the tortious conduct at issue.  See id.; Shanks v. Walker 116 F. Supp. 2d 311, 314 (D. Conn. 2000).  Facts showing this element of foreseeability must be alleged in order to state a cognizable claim.  Miller v. Edward Jones & Co. 355 F. Supp. 2d 629, 648 (D. Conn. 2005).  Here, the complaint is silent with regard to these matters.  It does not identify the defendant who allegedly breached a duty to supervise.  Nor does it allege facts showing that the breach led to foreseeable harm to the plaintiff.

F.  Conspiracy and Failure to Prevent a Conspiracy

     The motion to dismiss the claims for conspiracy and failure to prevent a conspiracy is granted.  To state a claim for relief under § 1985, a complaint must plead facts showing a meeting of the minds.  Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009).  In addition, an overt act in furtherance of the conspiracy must be alleged.  See Friends of Falun Gong v. Pacific Culture Enterprise, Inc., 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003).  Plaintiff does not plead sufficient facts to support a plausible inference of a conspiracy to violate his rights.  No facts in the record plausibly suggest a conspiracy between any particular set of defendants.  No co-conspirators are specifically identified.  A meeting of the minds to pursue a specific goal is not evident from the pleadings and no overt act in furtherance of the

conspiracy is identified.  Under the intracorporate conspiracy doctrine, moreover, a claim under § 1985(3) cannot be sustained against officers, agents and employees of a single municipal entity acting within the scope of their employment.  Williams v. County of Nassau, 684 F. Supp. 2d 268, 291-92 (E.D.N.Y. 2010); see also Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978). Plaintiff unequivocally alleges that defendants were acting within the scope of their employment.  Because plaintiff does not have a cause of action for conspiracy under § 1985(3), he necessarily cannot sustain a cause of action for failure to prevent a conspiracy under § 1986.  Brown v. City of Oneonta 221 F.3d 329, 341 (2d Cir. 2000).

G.  Motion for a More Definite Statement

        The motion for a more definite statement is denied.  Under Rule 12(e), such a motion should be granted only when the complaint is so vague or ambiguous the defendant cannot frame a proper response.  See generally 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (3d ed. 2004). The claims that remain in the complaint do not require clarification to enable the defendants to prepare an answer.

III. Conclusion

        For the foregoing reasons, the defendants' motion to dismiss [doc. 20] is hereby granted in part and denied in part, and defendants' motion for a more definite statement is denied.  The

claims that remain in the case are plaintiff's discrimination and retaliation claims, his Fourth Amendment claim, and his breach of contract claim.  All other claims are dismissed.

So ordered this 31st day of March 2011.


_____
/s/ RNC
Robert N. Chatigny
United States District Judge